FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2022

SEAN F. MCAVOY, CLERK

*AUSA Assigned: CAB*

*County of Investigation: Spokane*

*In Re: Criminal Complaint for YANCARLOS ARREDONDO-MENDOZA*

## AFFIDAVIT

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | ) ss |
| Spokane County | ) |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jeffrey Barrington, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1.  I am an investigator or law enforcement officer of the United States, within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations of, and arrests for, the offenses enumerated in 18 U.S.C. § 2516, as well as 21 U.S.C § 801, *et seq*.

2.  I am a Detective with the Spokane Police Department ("SPD"), currently assigned as a Task Force Officer ("TFO") with the United States Drug Enforcement Administration ("DEA") at the Spokane District Office ("SDO"). I have been employed by the Spokane Police Department since April 1991. In June 1991, I successfully completed the Basic Law Enforcement Academy in Spokane, Washington. Since that time, I have worked approximately 8 years as a patrol

Affidavit of Jeffrey Barrington (22-mj-00029-JAG)- 1

officer and was promoted to Detective in May 1999.  In November 1999, I was assigned to the Special Investigations Unit the SPD where I worked primarily drug investigations involving the possession and distribution of several different controlled substances to include Methamphetamine, Heroin, Fentanyl, Marijuana, and Cocaine.

3. In September 2006, I was assigned to the Spokane Violent Crimes Gang Enforcement Unit as a TFO with the Federal Bureau of Investigation where I investigated, not only violent crimes, but the trafficking of controlled substances. In 2009, I was qualified as a drug expert in federal court.

4. In March 2011, I was assigned to SPD's Major Crimes Unit where I investigated the following crimes: homicides, robberies, burglaries, serious felony assaults, Officer Involved Shootings, and various firearms violations.  In July 2019, I was assigned as a TFO with the DEA where I was involved in the investigations and trafficking of controlled substances, to include Methamphetamine, Fentanyl, and Heroin.

5. Since June 1991, I have attended numerous trainings involving the possession and distribution of controlled substances.  I have been involved in hundreds of drug investigations to include those involving controlled drug buys where either an undercover officer and/or cooperating source ("CS") was utilized to purchase controlled substances.

6. Based on my training and experience, I am familiar with the various methods used by individuals to obtain, possess, transport, and/or sell controlled substances and the modus operandi utilized by members of a drug trafficking organizations ("DTO"). I am also familiar with the *modus operandi* as it pertains to the illegitimate use of such proceeds in violation of federal law. These methods include but are not limited to, the use of cellular telephones, wireless communication technology, counter surveillance, elaborately planned smuggling schemes tied to legitimate businesses, stash houses, false or fictitious identities, and the use of "coded" or vague communications to thwart law enforcement. I have interviewed drug traffickers, users, and confidential informants and other sources, where I have discussed with these individuals their lifestyles, appearances, and habits and methods of drug traffickers and users.

7. The facts set forth below are based upon the totality of this investigation. Because this affidavit is being submitted solely for establishing probable cause to obtain a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. I have only set forth facts necessary to support the authorization of the requested arrest warrant and criminal complaint.

# FACTS IN SUPPORT OF COMPLAINT AND ARREST WARRANT

8. On January 27, 2022, I obtained a federal search warrant for the residence at 1011 W. Maxwell in Spokane, Washington based on an SPD Special Investigations Unit investigation involving the distribution of fentanyl-laced pills from that residence. That same day, at approximately 7:45pm, prior to the execution of a federal search warrant, SPD SWAT members observed a male, later identified as YANCARLOS ARREDONDO-MENDOZA ("YANCARLOS"), exit the front door to the residence carrying an athletic-type bag and proceed to walk away from the residence.

9. SWAT members contacted YANCARLOS in the alleyway approximately two blocks west of the residence during which time YANCARLOS was detained pending the execution of the search warrant at 1011 W Maxwell, Spokane, Washington and further investigation into YANCARLOS' activities.

10. During the contact, the male was identified as YANCARLOS, and it was determined he did not speak English, so Spanish-speaking SPD Officer Andres Valencia arrived and read YANCARLOS his constitutional (*Miranda*) rights in Spanish. YANCARLOS waived his rights and provided a post-*Miranda* interview. In summary, during the post-*Miranda* interview, YANCARLOS admitted leaving the residence at 1011 W Maxwell with the athletic-type bag. YANCARLOS admitted he believed there were pills and a pistol inside the bag.

Affidavit of TFO Barrington (22-mj-00029-JAG)- 4

11. Officer Valencia then read YANCARLOS a search consent waiver (in Spanish) asking YANCARLOS for permission to search the athletic-type bag. After being read those rights, YANCARLOS gave officers permission to search the athletic-type bag.

12. I conducted a search of the athletic-type bag and I located what I estimate to be approximately 20,000 suspected fentanyl-laced pills (official count has not yet been completed), several large pieces of suspected heroin, a large brick of suspected heroin, and a loaded Glock 9mm pistol.

13. The following paragraph is based upon my training and experience, as well as my knowledge of laboratory results from the Drug Enforcement Administration's Western Regional Laboratory from prior fentanyl-laced pills seizures. I believe there is probable cause to conclude the pills in the athletic-type bag contain the controlled substance fentanyl (Schedule II). Further, I believe there is probable cause to conclude this fentanyl-laced pill seizure in excess of 10,000 fentanyl-laced pills will be more than 400 grams of a mixture or substance containing fentanyl. Further, I believe there is probable cause to conclude this quantity of fentanyl-laced pills is a distribution quantity.

## CONCLUSION

14. Based upon the above facts, I believe probable cause exists to support the issuing of a Criminal Complaint charging YANCARLOS ARREDONDO-

MENDOZA with Possession with the Intent to Distribute 400 grams of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi).

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully Submitted,

_____
Jeffrey Barrington, Task Force Officer
Drug Enforcement Administration

Subscribed electronically and sworn to telephonically this 28th day of January, 2022.

_____
James A. Goeke
United States Magistrate Judge